UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                 CASE NO. 6:21-cr-7-PGB-GJK

MIKEL WAYNE NUNNALLY

### UNITED STATES' MEMORANDUM ON SENTENCING AND RESPONSE TO DEFENDANT'S OUTSTANDING PSR OBJECTIONS

Between approximately 2015 and 2020, MIKEL WAYNE NUNNALLY ("NUNNALLY") repeatedly produced videos of child pornography using a child victim, many of which he distributed via the internet. Doc. 34 at 22–24, 26–28. Some of these videos captured NUNNALLY engaging in hands-on and oral sexual abuse of the child victim. *Id.* In addition, at the time of his arrest in this case, NUNNALLY was found in possession of 79 videos and 12 images of child pornography, depicting children ranging in age from infant to 15-years-old. Doc. 34 at 28. Some of these videos and images showed children subject to "forced anal and vaginal penetration, as well as forced oral copulation." *Id.* They also included videos and images of children subject to bondage and sadomasochism. *Id.*

As set forth below, the United States requests that the Court sentence NUNNALLY to a guidelines term of imprisonment of 60 years. This sentence is warranted given (1) the nature and circumstances of the instant

offense; (2) the defendant's history and characteristics; and (3) the need for the sentence imposed to provide just punishment, adequate deterrence, respect for the law, and protection of the public. *See* 18 U.S.C. § 3553(a).

## I.     The Nature and Circumstances of the Offense

The nature and circumstances of the instant offense are extremely serious and weigh in favor of a 60-year sentence. See 18 U.S.C. § 3553(a)(1); Presentence Report dated Oct. 1, 2021 (the "PSR") ¶¶ 20–35. The defendant engaged in a years-long pattern of sexual abuse of the minor victim. He then brazenly distributed the child sexual abuse material that he produced to strangers over the internet. The sexual abuse material that the defendant produced includes videos of the defendant digitally penetrating the child victim, separating the child victim's buttocks to display her anus and vagina, and licking her breasts. Doc. 34 at 22–24, 26–28.

In addition to the child victim that NUNNALLY abused himself, there were many additional child victims exploited in the other images and videos possessed by NUNNALLY (*see* Doc. 34 at 28), each of whom suffered real and enduring damages. Each time child pornography is reproduced, downloaded, or viewed, the victimization of the child appearing in the pornography is perpetuated. The offenders who access images of this abuse enhance the demand for such items, thereby perpetuating the cycle of sexual

abuse and victimization. Each of the young victims thus will likely continue to be exploited for the rest of their lives.

Child sex crimes are among the most egregious criminal offenses. *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009). As the Eleventh Circuit has recognized, moreover, sex crimes against children cause "substantial and long-lasting harm." *United States v. Mozie*, 752 F.3d 1271, 1289 (11th Cir. 2014). Sexually abused children are "unable to develop healthy affectionate relationships in later life, have sexual dysfunctions, and have a tendency to become sexual abusers as adults." *Id.* (internal citation omitted). In short, "sexual abuse is grossly intrusive in the lives of children and is harmful to their normal psychological, emotional, and sexual development in ways which no just or humane society can tolerate." *Id.* (internal citation omitted).

In sum, this case involved not only the defendant's receipt and possession of child pornography, but the defendant's pattern of hands-on sexual abuse of the child victim and shameless distribution of these child abuse materials online. Few federal offenses are more serious.

## II.     The History and Characteristics of the Defendant

NUNNALLY's history and characteristics also weigh in favor of the guidelines sentence requested by the United States. *See* 18 U.S.C. § 3553(a)(1).

NUNNALLY has prior criminal convictions for carnal knowledge with a 14-year-old victim (when the defendant was 20 years old), making a false official statement, sale of marijuana, and driving under the influence, among other things. *See* PSR ¶¶ 75–80. This alone distinguishes him from the many child exploiters sentenced by this Court who have no prior criminal history.

The defendant's 1998 sentence for carnal knowledge is particularly concerning. As a 20-year-old serviceman in the U.S. Marines, he engaged in sexual activity with a minor who was just 14. *See* PSR ¶ 76. That the defendant continues to engage in illicit sexual activities involving minors now—over 20 years since the commission of that prior offense—is further evidence of the ongoing danger that the defendant poses to minors and children.

### III. Just Punishment, Adequate Deterrence, Respect for the Law, and Protection of the Public

A guidelines sentence also meets the sentencing goals of adequate deterrence, respect for the law, protection of the public, and just punishment. Deterrence is "particularly compelling in the child pornography context" because the greater demand for it, the more children will be victimized to create it. *United States v. Pugh*, 515 F.3d at 1179, 1194-95 (11th Cir. 2008). "The more serious the crime and the greater the defendant's role in it, the more important it is to send a strong and clear message that will deter others."

*United States v. Irey*, 612 F.3d 1160, 1212. Considering that child sex crimes are among the most egregious offenses, the Eleventh Circuit has "repeatedly upheld 'severe sentences in these cases.'" *United States v. Mozie,* 752 F.3d at 1271 (citing *United States v. Pugh*, 515 F.3d 1179, 1202 (11th Cir. 2008)).

In this case, NUNNALLY's sexual interest in children and prior sexual abuse of a child are indicators that he will pose a danger to children when he is released. *United States v. Allison*, 447 F.3d 402, 405-06 (5th Cir. 2006) ("Congress explicitly [has] recognized the high rate of recidivism in convicted sex offenders, especially child sex offenders."); *see also Pugh*, 515 F.3d at 1201 ("As Congress has found and as we have discussed, child sex offenders have appalling rates of recidivism and their crimes are under-reported.").

Relatedly, NUNNALLY's conduct shows that he has a persistent sexual interest in children and thus is afflicted with pedophilia. Treatment of pedophilia is difficult at best. *See Ryan C.W. Hall & Richard C.W. Hall, A Profile of Pedophilia: Definition, Characteristics of Offenders, Recidivism, Treatment Outcomes, and Forensic Issues*, 82 Mayo Clinic Proc. 457, 458, 462 (2007) ("The course of pedophilia is usually long term. . . . When compared with rapists and sexual sadists, pedophiles comprise 60% of all older offenders, indicating that pedophiles offend in their later years at a greater rate than other sexual offenders."). A guidelines sentence will assure NUNNALLY's lengthy

separation from children and child pornography. It will give NUNNALLY an opportunity for reflection and treatment in a structured setting, separated from the Internet and young children. Furthermore, a guidelines sentence will protect children from further crimes of the defendant. See 18 U.S.C. § 3553(a)(2).

IV. **Defendant's Objections to Guidelines Calculations**

**A. Count One Video Should Be Included in the PSR**

NUNNALLY objects to the inclusion in the PSR of the video underlying his Count One conviction. Specifically, NUNNALLY suggests that in light of the D.C. Circuit's recent decision in *United States v. Hillie*, No. 19-3027, 2021 WL 4228187 (D.C. Cir. Sept. 17, 2021), the video that he recorded of the child victim taking a bath, in which he moved the camera to capture close-ups of the child victim's vagina, does not constitute child pornography because it does not constitute a "lascivious," *i.e.* "hard core," exhibition of the genitals or pubic area of the child victim. NUNNALLY thus contends that including a description of this video in his PSR, or enhancing his sentence on the basis of this video, is a violation of his Fifth and Fourteenth Amendment due process rights.

This is not correct. As an initial matter, NUNNALLY has already pleaded guilty to producing the Count One video. His sentencing hearing is

not the appropriate venue to litigate the constitutionality of that plea, particularly where the case on which he relies for a change in precedent is not binding on this Court, but rather is from another circuit.

Moreover, as the defendant appears to acknowledge, the D.C. Circuit's holding in *Hillie* is contrary to binding precedent in this circuit. The Eleventh Circuit has held that "depictions of otherwise innocent conduct may in fact constitute a 'lascivious exhibition of the genitals or public area' of a minor *based on the actions of the individual creating the depiction*." *U.S. v. Holmes*, 814 F.3d 1246, 1252 (11th Cir. 2016) (emphasis added) (further holding that "a reasonable jury could have found that [the defendant's] conduct—including placement of the cameras in the bathroom where his stepdaughter was most likely to be videoed while nude, his extensive focus on videoing and capturing images of her pubic area, the angle of the camera set up, and his editing of the videos at issue—was sufficient to create a lascivious exhibition of the genitals or pubic area"). When filming the Count One video, NUNNALLY "move[d] the camera in order to capture close-ups of the child victim's vagina." PSR ¶ 33. This is an adequate factual basis to establish lascivious exhibition of the genitals. *See Holmes,* 814 F.3d at 1252 (stating that lasciviousness is "not the work of the child, whose innocence is not in question, but of the producer or

editor of the video") (*quoting United States v. Horn*, 187 F.3d 781, 790 (8th Cir. 1999)).[1]

### B. Count Three Video Depicts Sadistic/Masochistic Conduct

The defendant objects to the scoring of a four-level enhancement for an image depicting sadistic or masochistic conduct. The United States disagrees with the defendant's position. The charged video in Count Three shows the

---

[1] The definition of "lascivious exhibition" in the Eleventh Circuit's pattern jury instructions also encourages the fact finder to take into account the actions of the individual who produced the video or image:

> To decide whether a visual depiction is a lascivious exhibition, you must consider the context and setting in which the genitalia or pubic area is being displayed. Factors you may consider include:
>
> - *the overall content of the material;*
>
> - *whether the focal point of the visual depiction is on the minor's genitalia or pubic area;*
>
> - whether the setting of the depiction appears to be sexually inviting or suggestive – for example, in a location or in a pose associated with sexual activity;
>
> - whether the minor appears to be displayed in an unnatural pose or in inappropriate attire;
>
> - *whether the minor is partially clothed or nude;*
>
> - whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity; and
>
> - *whether the depiction appears to have been designed to elicit a sexual response in the viewer.*

Eleventh Circuit Pattern Jury Instruction O82, Sexual Exploitation of Children, Producing Child Pornography, 18 U.S.C. § 2251(a) (Feb. 2020) (emphasis added).

8

defendant "pulling the underwear of the child victim to the side exposing her vagina, and then spreading the child victim's vagina apart multiple times and digitally penetrating her." PSR ¶ 33; Doc. 34 at 27–28.  The Eleventh Circuit has held that "penetration of a young child is necessarily painful, and thus an image portraying that conduct is sadistic." *U.S. v. Rodriguez*, 338 Fed.Appx. 840, 842 (11th Cir. 2009) (*citing United States v. Hall*, 312 F.3d 1250, 1263 (11th Cir. 2002)); *see also U.S. v. Caro*, 309 F.3d 1348, 1351 (11th Cir. 2002) ("[T]he act of adult men's vaginal and anal penetration of children between eight and eleven years of age would be considered sadistic.").  Here the victim was young and was digitally penetrated by an adult male.  Such penetration would be perceived by an observer as being painful.

      The defense, citing *United States v. Nesmith*, 866 F.3d 677 (5th Cir. 2017), argues that because the victim in this case was asleep at the time of the digital penetration it was not painful and thus not sadistic.  The United States disagrees.  *Nesmith* was a case that did not involve penetration.  Rather, in *Nesmith*, an image of child pornography depicted that defendant "standing by [the sleeping 14-year-old victim's] bed with his erect penis on the minor's lips." *Nesmith*, 866 F.3d at 678.  The parties in that case were in agreement that the image did not show penetration or other physical violence.  *See id.* (noting that the "Government conceded that the image did not depict physical

9

violence" and argued instead that "[a]fter learning about the image, the victim felt 'humiliated and degraded'").

In this case, by contrast, the Count Three video shows NUNNALLY "pulling the underwear of the child victim to the side exposing her vagina, and then spreading the child victim's vagina apart multiple times and digitally penetrating her." PSR ¶ 33. Such penetration is "conduct that an objective observer would perceive as causing the victim in the image physical or emotional pain contemporaneously with the image's creation." *Nesmith*, 866 F.3d at 678. "Digital penetration is no exception." *United States v. McCloud*, 806 Fed.Appx. 492, 492 (8th Cir. 2020) (unpublished) (finding that the district court had properly applied the four-level sadistic or masochistic enhancement where the defendant "took photographs of a minor 'in various stages of undress,' including one in which [the defendant] had pulled her underwear to one side and used his fingers to penetrate her as she slept"); *United States v. Morgan*, 842 F.3d 1070, 1076 (8th Cir. 2016) ("The images at issue show [the defendant's] fingers placed on the inside of the child's labia, spreading them to expose her genitalia. At sentencing, the district court found that these images depicted 'a form of penetration' because '[t]his was not a situation where the Defendant was touching her externally.' . . . The district [court] properly applied the four-level enhancement."). "Nor is there an exception . . . for

penetrating a minor who is asleep. What matters is the conduct depicted, not the victim's subjective awareness of it." *McCloud*, 806 Fed.Appx. at 492. NUNNALLY's video of his digital penetration of the child victim and his repeated spreading of her vagina thus qualifies as an image that an objective observer would deem to depict sadistic or masochistic conduct.

That such digital penetration would be painful to the child victim is further demonstrated by the defendant's own awareness of the pain and discomfort created by his conduct. Prior to the defendant's arrest, while his production of child sexual abuse materials was ongoing, he informed an undercover task force officer (the "UC") that he "sexually touches the child victim when he can." PSR ¶ 21. He then sent child sexual abuse materials to the UC and "advised the [UC] that *he would sometimes give the child victim pain pills mixed with sleeping pills*." PSR ¶ 21 (emphasis added). There would be no reason to provide the victim with pain pills if the exploitation NUNNALLY depicted did not create pain.[2]

---

[2] Furthermore, the defendant already stipulated in his plea agreement that some of the child pornography that he possessed "contained bondage and sadomasochism," *i.e.* depictions that were sadistic and masochistic. Doc. 34 at 28 (further agreeing that "[t]hese videos and images depicted children ranging in age from infant to approximately 15" and that some of them "involved forced anal and vaginal penetration"). The count under which possession of these images was charged, Count Nine, was dismissed pursuant to the defendant's plea agreement. *Id.* at 3. However, this child pornography, which the defendant stipulated to possessing, may nonetheless be used to enhance the defendant's sentence should it constitute relevant conduct. *See U.S. v. Robinson,* 402 Fed.Appx. 434, 435, 2010 WL 4340944, at *1

11

### C. Nunnally Engaged in Pattern of Prohibited Sexual Conduct

The defendant contends that the five-level enhancement in USSG § 4B1.5(b) does not apply to his case. The United States disagrees. This enhancement applies if the defendant "engaged in a pattern of activity involving prohibited sexual conduct." USSG § 4B1.5(b). The definition of "prohibited sexual conduct" includes, among other offenses, "the production of child pornography." *See* USSG § 4B1.5, Application Note 4(A). And a defendant engaged in a "pattern" of prohibited sexual conduct if he engaged in such activity "on at least two separate occasions." USSG § 4B1.5, Application Note 4(B)(i). "An occasion of prohibited sexual conduct may be considered . . . *without regard to whether the occasion (I) occurred during the course of the instant offense*; or (II) resulted in a conviction for the conduct that occurred on that occasion." USSG § 4B1.5, Application Note 4(B)(ii) (emphasis added).

Here, the two offenses to which the defendant pleaded guilty—namely the production of child pornography on March 29, 2018, and the production of child pornography on November 21, 2020—constitute a pattern of activity involving prohibited sexual conduct, as they took place on "two separate

---

(11th Cir. 2010) ("Conduct that is the basis of counts dismissed pursuant to a plea agreement may be used to increase a defendant's base offense level."). The United States will further address whether the possession of this child pornography qualifies as relevant conduct at the sentencing hearing.

occasions." USSG § 4B1.5, Application Note 4(B)(i). This is so even though both offenses involved the same victim. *See United States v. Fox,* 926 F.3d 1275, 1280 (11th Cir. 2019) (holding that a defendant's "repeated sexual exploitation of G.P.—a single victim—is sufficient to meet a 'pattern of sexual activity' under § 4B1.5(b)(1)"). Markedly, moreover, NUNNALLY's pattern of sexually abusing the child victim in this case is not limited to the two instances for which he was convicted. Rather, as NUNNALLY admitted to interviewing FBI investigators, he produced child pornography using the child victim in this case "for approximately four or five years." Doc. 34 at 27. Other instances of NUNNALLY's production of child pornography, in addition to the videos charged in Counts One and Three, are detailed in the PSR. *See, e.g.,* PSR ¶¶ 23 (describing video produced by NUNNALLY in which he "zoomed in on the child victim's anus and vagina [while] separating the child victim's buttocks"), 24 (describing a video produced by NUNNALLY in which he is observed "licking an exposed nipple of the child victim"). He clearly engaged in a pattern of activity involving prohibited sexual conduct.

### V. Conclusion

For the foregoing reasons, the United States submits that the guidelines are property calculated in the PSR and requests that the Court sentence

NUNNALLY to 60 years' imprisonment. In light of the serious nature of the offense, NUNNALLY's personal characteristics, the need for the protection of the child victim and other vulnerable children, just punishment, deterrence, and the need to promote respect for the law, such a sentence is reasonable.

        Respectfully submitted,

        KARIN HOPPMANN
        Acting United States Attorney

By:   */s/ Chauncey A. Bratt*
       CHAUNCEY A. BRATT
       Assistant United States Attorney
       USA No. 174
       400 W. Washington Street, Suite 3100
       Orlando, Florida 32801
       Telephone: (407) 648-7500
       Facsimile: (407) 648-7643
       E-mail: chauncey.bratt@usdoj.gov

U.S. v. NUNNALLY	Case No. 6:21-cr-7-PGB-GJK

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

    Ali Kamalzadeh, Esq.

    *s/ Chauncey A. Bratt*
    CHAUNCEY A. BRATT
    Assistant United States Attorney
    USA No. 174
    400 W. Washington Street, Suite 3100
    Orlando, Florida 32801
    Telephone: (407) 648-7500
    Facsimile: (407) 648-7643
    E-mail: chauncey.bratt@usdoj.gov